FRANCES W. PETTENGILL, APPELLANT, v. THE CITY OF YONKERS, RESPONDENT.

*Negligence — liability of a city for allowing an excavation in a street to remain unguarded.*

In this action, brought to recover damages for personal injuries sustained by the plaintiff from being thrown into an excavation while traveling in one of the streets in the defendant's city, it appeared that the excavation was made pursuant to a contract made between the water board of the city and one Valentine by the terms of which the contractor was to properly guard the excavation. The excavation had been allowed to remain unguarded and without lights or railing for some three or four weeks prior to the time of the accident.

*Held*, that it was error to nonsuit the plaintiff; that it should have been left to the jury to say whether the defendant was not guilty of negligence in allowing the excavation to remain unguarded for so long a time.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Westchester circuit.

The plaintiff sued the city of Yonkers to recover $20,000 damages for injuries alleged to have been received by being thrown into an excavation in one of the streets of the city while driving therein.

*J. M. Hunt*, for the appellant.

*Joseph F. Daly*, for the respondent.

BARNARD, P. J.:

The city of Yonkers owed a duty to those who traveled its streets, even if the water board was independent of it. It owed a duty, although the contractor under the water board was an independent contractor, and did not bear the relation of servant either to the water board or to the city of Yonkers. The proof shows that on the evening of the 7th of January, 1885, the plaintiff while traveling on Yonkers avenue, one of the streets of the city, was thrown into an excavation and severely injured. There was neither light or guard to warn travelers. There had been no light or guard there for several weeks. The excavation was made under a contract between the water board and one George B. Valentine. By the terms of the contract Valentine was to properly guard the excavation. Conceding that the city in one respect stands in the relation to the contractor which would protect it for the excavation made by Valentine, under the case of *McCafferty* v. *S. D. and P. M. R. R.* (61 N. Y., 178), the case shows sufficient evidence for a jury, whether the excavation had not been left so long unguarded as to make the city liable for neglect in guarding the defect after notice. Notice will be presumed after lapse of sufficient time. If the street is left dangerous, even from the result of a trespass, so long as to imply a notice, the city would be liable for an injury occasioned by it. The injury was occasioned January 7, 1885. One witness testifies: " There had been no light there where that excavation was for some weeks prior, and there was no railing about it." Another witness testified as follows: " I could not tell exactly how long prior to January seventh that avenue had been dug up, two or three or four weeks; there was no light there at the time of the accident, I should say, for two weeks." The proof was abundant that there was no light at the time of the accident. The case is therefore one which should have gone to the jury under proper instructions.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.